IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DEVINA MILLS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC., and GENERAL DYNAMICS CORP.,<br><br>        Defendants. | No.<br><br>**COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** |

**INTRODUCTION**

Plaintiff Devina Mills ("Mills" or "Plaintiff") individually and on behalf of all others similarly situated, files this Collective Action Complaint and Jury Demand against Defendants General Dynamics Information Technology, Inc. and General Dynamics Corp. (collectively, "Defendants") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA") on behalf of Plaintiff and all current and former Customer Service Representatives, however variously titled, ("CSRs") who worked at all of Defendants' call center locations in the United States. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

**NATURE OF THE ACTION**

1. Plaintiff alleges on behalf of herself and other current and former CSRs who will opt into this action pursuant to the FLSA that they are entitled to: (i) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required

1

by law, (ii) liquidated damages under the FLSA, and (iii) reasonable attorneys' fees and costs of this action.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Each Defendant is subject to personal jurisdiction in the Middle District of Florida.

4. Defendants maintain places of business in this District.

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Plaintiff Mills is employed by Defendants in this District and a substantial part of the events or omissions giving rise to the claim occurred within this District.

## THE PARTIES

*Plaintiff Devina Mills*

6. Plaintiff Mills is an adult individual residing in Tampa, Florida.

7. Plaintiff works for Defendants as a CSR at Defendants' call center located in Riverview, Florida. Plaintiff has worked for Defendants in this role since on or about August 2014.

8. Plaintiff's and Opt-In Plaintiff's written consents to join this action are attached hereto as Exhibit A.

*Defendants*

9. Defendant General Dynamics Corp ("GDC") is a corporation organized and existing under the laws of Delaware, with its corporate headquarters in Fairfax, Virginia.

10. Defendant General Dynamics Information Technology, Inc. ("GDIT") is a wholly-owned subsidiary of GDC.

11. GDIT is large government contractor which, among many other services, operates call centers staffed by CSRs. At all times relevant, GDIT operated over 11 call centers in various states, including Florida, Arizona, Iowa, Kansas, Kentucky, Louisiana, Mississippi, Texas, Utah, and Virginia.

12. Defendants employed Plaintiff and other similarly situated current and former CSRs at its call centers nationwide.

13. Each Defendant has had and has a gross volume of sales made or business done of not less than $500,000.00.

14. Defendant issued paychecks to the Plaintiff and all similarly situated employees during their employment.

15. Each Defendant directed the work of Plaintiff and similarly situated employees, and benefited from work performed that it suffered or permitted from them.

16. Defendants jointly employed Plaintiff and CSRs.

## COLLECTIVE ACTION ALLEGATIONS

17. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at its call centers as CSRs and other similarly situated current and former employees holding comparable positions but different titles, at any time from April 6, 2015 to the entry of judgment in this case (the "Putative FLSA Collective").

18. Plaintiff and the Putative FLSA Collective worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA.

19. Pursuant to Defendants' policy and pattern or practice, Defendants did not pay Plaintiff and the Putative FLSA Collective proper overtime wages for hours they worked for its benefit in excess of 40 hours in a workweek in violation of the FLSA.

20. Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit the Plaintiff and the members of the Putative FLSA Collective to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

21. Defendants have intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiff and the members of the Putative FLSA Collective, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendants' corporate headquarters.

22. Pursuant to their uniform, companywide policy and practice, Defendants failed to accurately track or record all of the actual hours worked by its CSRs. Defendants furthered this wrongful policy by: (i) failing to provide CSRs with a way to accurately record the hours they actually worked; and (ii) requiring CSRs to work before they "clock in" to Defendants' timekeeping system.

23. Because Plaintiff and the other CSRs regularly worked over 40 hours in a workweek, Defendants' policies and practices described herein resulted in Plaintiff and the other CSRs working overtime hours for which they were not compensated.

24. Defendants' systematic failure and refusal to compensate Plaintiff and all other similarly situated CSRs for unpaid overtime hours worked violates the FLSA.

25. Defendants are aware, or should have been aware, that the FLSA requires them to pay the Plaintiff and the members of the Putative FLSA Collective an overtime premium for all hours worked in excess of 40 hours per workweek.

26. Defendants failed to keep accurate records of all hours worked by Plaintiff and the members of the Putative FLSA Collective.

27. Defendants assigned the work that the Plaintiff and the members of the Putative FLSA Collective have performed or Defendants were aware of the work they performed.

28. The work performed by the Plaintiff and the members of the Putative FLSA Collective constitutes compensable work time under the FLSA and was not *de minimis*.

29. There are numerous similarly situated current and former CSRs who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative FLSA Collective pursuant to 29 U.S.C. § 216(b).

30. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act:  Unpaid Overtime Wages**
**Brought on Behalf of Plaintiff and the Putative FLSA Collective Against Defendants**

31. Plaintiff and the Putative FLSA Collective reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

32. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint and Jury Demand.

33. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

34. At all relevant times, Plaintiff and the Putative FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

35. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq*. apply to Defendants.

36. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

37. At all times relevant, Plaintiff and the members of the Putative FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

38. Defendants have failed to pay Plaintiff and the Putative FLSA Collective the overtime wages to which they were entitled under the FLSA.

39. Defendants' violations of the FLSA, as described in the Collective Action Complaint and Jury Demand, have been intentional and willful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and of the Putative FLSA Collective.

40. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

41. As a result of the Defendants' violations of the FLSA, Plaintiff and the Putative FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

42. As a result of the unlawful acts of Defendants, Plaintiff and the Putative FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated members of the Putative FLSA Collective, prays for the following relief:

    A.    Certification of the collective consisting of Plaintiff and all similarly situated CSRs;

    B.    Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

    C.    Pre-judgment and post-judgment interest;

    D.    Attorneys' fees and costs of the action, including expert fees and costs; and

    E.    Such other relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Collective Action Complaint and Jury Demand.

Dated: April 6, 2018  
Boca Raton, Florida

/s/ Gregg I. Shavitz  
Gregg I. Shavitz  
gshavtiz@shavitzlaw.com  
Logan A. Pardell  
lpardell@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
1515 South Federal Highway, Suite 404  
Boca Raton, Florida 33432  
Tel:    (561) 447-8888  
Fax:    (561) 447-8831

Michael J. Palitz*  
mpalitz@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
830 3rd Avenue, 5th Floor  
New York, New York 10022  
Tel:    (800) 616-4000  
Fax:    (561) 447-8831

Troy Kessler*  
tkessler@shulmankessler.com  
Garrett Kaske*  
gkaske@shulmankessler.com  
Tana Forrester*

                                           Tforresrer@shulmankessler.com
                                           SHULMAN KESSLER LLP
                                           534 Broadhollow Road, Suite 275
                                           Melville, New York 11747
                                           Tel:   (631) 499-9100
                                           Fax:   (631) 499-9120

                                           *Attorneys for Plaintiff and the Putative*
                                           *FLSA Collective Members*

*to apply for admission pro hac vice*