## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DEVINA MILLS, individually and on behalf of
all others similarly situated,**

                **Plaintiff,**                **Case No. 8:18-cv-00855-CEH-TGW**

    **v.**

**GENERAL DYNAMICS INFORMATION
TECHNOLOGY, INC.,**

                **Defendant.**
_____/

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
### AMENDED MOTION FOR LEAVE TO FILE
### SECOND AMENDED COLLECTIVE ACTION COMPLAINT

Defendant General Dynamics Information Technology, Inc. ("GDIT" or "Defendant"), through its undersigned counsel and pursuant to Local Rule 3.01(b), hereby responds in opposition to Plaintiff Devina Mills' Amended Motion for Leave to File Second Amended Collective Action Complaint ("Motion"). In support thereof, GDIT submits the following memorandum of law.

### BACKGROUND

On April 10, 2018, Plaintiff, a Customer Service Representative ("CSR") who works at GDIT's Riverview, Florida location, sued GDIT for nonpayment of overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* [Doc. 1]. Plaintiff purported to bring the suit on behalf of herself and allegedly similarly situated CSRs at GDIT's call center locations across the United States.

On September 5, 2018, Plaintiff filed an "Amended Motion for Leave to File Second Amended Collective Action Complaint" ("Motion to Amend") [Docs. 128, 128-1] seeking to substitute Christi Freeman and Kimberly Shockey for Devina Mills as the named plaintiffs because "Mills has been unresponsive to numerous attempts from Plaintiff's counsel to communicate with her."[1] [Doc. 128 at 2]. Freeman and Shockey worked as CSRs in GDIT's Riverview, Florida location.[2] Freeman worked there from "approximately June 2015 until September 2017 and was opted into this case on August 27, 2018." [Doc. 127]. Shockey worked there "from approximately August 2015 until December 2015, and from approximately August of 2017 until January 2018 and was opted into this case on July 2, 2018." [*Id.*].

As more fully discussed below, the Motion to Amend must be denied because courts cannot substitute class representatives prior to conditional certification. In addition, Shockey and Freeman's dates of employment render them inadequate class representatives because their claims are time-barred under the applicable default two-year statute of limitations. *See* 29 U.S.C. § 255. They will recover only if the Court finds GDIT's alleged FLSA violations were willful, thereby extending the statute of limitations to three years. *Id.* As a result, because Shockey and Freeman would refuse any settlement proposal that does not

---

[1] On July 13, 2018, Plaintiff moved for leave to file a Second Amended Collective Action Complaint ("Motion") to substitute Alice Velazquez for Devina Mills as the plaintiff because "Plaintiff Mills is no longer responding to Plaintiff's counsel." [Doc. 86 at 3]. Velazquez allegedly works as a CSR for GDIT in its Lynn Haven location in the Northern District of Florida. [Doc. 86-1, ¶¶ 6, 7]. As a result, GDIT opposed Plaintiff's motion, *inter alia*, because the proposed pleading would be subject to dismissal for improper venue. [Doc. 97]. On September 5, 2018, Plaintiff, apparently conceding the issue, filed a "Notice of Withdrawl [sic] of Motion for Leave to File Second Amended Collective Action Complaint." [Doc. 127].

[2] For purposes of this response only, GDIT assumes that the allegations of the Proposed Second Amended Complaint are true unless otherwise indicated. GDIT does not admit herein anything that it has not already admitted in GDIT's Answer to the Amended Complaint.

concede willfulness or otherwise compensate opt-ins beyond the two-year statute of limitations, they have an inherent conflict of interest with the putative class members they seek to represent.

## MEMORANDUM OF LAW

### A.   This case cannot survive the dismissal of the lead plaintiff from her own lawsuit.

"Courts generally deny motions to add or substitute class representatives" where, as here, the motion is made "prior to class certification." *In re Atlas Roofing Corp. Chalet Shingle Prod. Liab. Litig.*, 2017 WL 2501751, at *1 (N.D. Ga. June 9, 2017) (collecting cases). For example, in *Bailey v. Cumberland Cas. & Sur. Co.*, 180 F. App'x 862, 865 (11th Cir. 2006) (per curiam), the Eleventh Circuit held that where a putative class-action plaintiff's claims were properly dismissed as time-barred, putative class members with timely claims could not rescue the action by amending the complaint to substitute themselves as lead plaintiff(s) because "[t]he putative class represented by [the original lead plaintiff] was never certified and never achieved . . . separate legal status." *Id.*   Instead, the proper procedure was to file a new complaint.   The *Bailey* court noted that the putative class members would not be prejudiced by the dismissal because their individual claims would be tolled from the time the class action was filed until the complaint was dismissed. *Id.; see also In re Atlas Roofing Corp. Chalet Shingle Prod. Liab. Litig.*, 2017 WL 2501751, at *1 (refusing to allow the substitution of a named plaintiff in class action complaint based on defective roof shingles because a class had not been certified and the putative class did not maintain a separate legal status).

In *Hunt v. Thermal Insulation, Inc.*, 2010 WL 11507019 (N.D. Ga. Apr. 30, 2010), the court applied *Bailey* in the FLSA context, finding that where a collective action had not yet been certified, and where the original plaintiff's claims were dismissed for lack of standing, the opt-in plaintiffs could not revive the action by amending the complaint to substitute themselves as the lead plaintiff.  As in *Bailey*, the *Hunt* court held that the opt-ins would not be prejudiced because the statute of limitations for their claims would be tolled from the time they opted-in.  *Hunt,* 2010 WL 11507019 at *4.

Against this, Plaintiff mistakenly cites Federal Rule of Civil Procedure 21, which states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." [Doc. 128 at 3]. Titled "Misjoinder and Nonjoinder of Parties," Rule 21 is simply inapplicable. Nonjoinder "results from a plaintiff's failure to join someone whose presence in the suit is required under the compulsory joinder doctrine," as set forth in Federal Rule of Civil Procedure 19.[3]  *See* 4 MOORE'S FEDERAL PRACTICE – CIVIL § 21.04[1].  Basically, if the plaintiff fails to join an indispensable party pursuant to Rule 19, then the defect may be cured under Rule 21, which empowers the court to order joinder of the absentee under appropriate circumstances. Id.  The instant case clearly does not feature nonjoinder.

Misjoinder, on the other hand, occurs where the complaint asserts claims on behalf of more than one plaintiff, but the claims should not have been joined in a single lawsuit because

---

[3] Federal Rule of Civil Procedure 19 provides that a party is indispensable and must be joined if "(A) in that person's absence, the court cannot accord complete relief among existing parties, (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

the plaintiffs' rights to relief do not arise out of the same transaction(s) or occurrence(s), or there are no common questions of law or fact. *See, e.g.*, *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (*citing* Fed. R. Civ. P. 20(a)(1), 21).[4] "In such a case, the court can generally dismiss *all but the first named plaintiff* without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs . . . ." *Id.* (emphasis added) (*citing Aaberg v. ACandS Inc.*, 152 F.R.D. 498, 501 (D. Md. 1994)). Here, misjoinder is not before the Court, and even if it were, Rule 21 would not permit dismissal of Mills—the first named plaintiff— from her own action.  Plaintiff, therefore, fails to offer any basis under which substitution is appropriate.

## B.   <u>Freeman and Shockey are inadequate representatives of the putative class.</u>

Shockey and Freeman are inadequate representatives of the putative class because their claims are time-barred under the FLSA's default two-year statute of limitations. *See* 29 U.S.C. § 255.

"FLSA collective actions are representative actions and, given that individuals who 'opt-in' to this proceeding will most likely be represented by the named-plaintiff's counsel, the court has an equitable interest in ensuring that they are adequately represented." *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1315 (M.D. Ala. 2002) (denying conditional certification of putative class, as pled, due to conflicts of interest among class members); *see also Tolentino v. C & J Spec-Rent Servs.*, 716 F. Supp. 2d 642, 651 (S.D. Tex. 2010) (plaintiff was not a proper representative of putative FLSA class due to conflict of interest); *In re Fedex Ground*

---

[4] *See also, e.g.*, *MIL (Investments) SARL v. Inco Ltd.*, 2002 WL 32319011, at *2 (N.D. Tex. Oct. 29, 2002) ("courts have applied the standards for permissive joinder set forth in Rule 20 to determine whether a party was improperly joined").

*Package Sys.*, 662 F. Supp. 2d 1069, 1082 (N.D. Ind. 2009) (denying conditional certification due to conflicts of interest between named plaintiffs and the putative class they sought to represent); *cf. also Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 628 (D. Colo. 2002) ("It is well established that individual questions with respect to damages will . . . defeat class certification . . . [where] that issue creates a conflict which goes to the heart of the lawsuit." (citations omitted)).

Here, the statute of limitations presents an insurmountable problem for Shockey and Freeman because GDIT upgraded its timekeeping system on July 16, 2016, thereafter rendering impossible the off-the-clock work of which Plaintiff Mills complains. [Doc. 122 at 4]. In particular, GDIT began capturing and using computer logon and logoff times to verify CSRs' self-reported time worked. *Id.* Plaintiff Mills concedes that no claims for unpaid overtime accrued after the date of the upgrade. [Doc. 64, ¶ 30]; [Doc. 89 at 10, 11, 19, 20] (referring to the upgrade as the end of the "Material Period"); [Doc. 128-1, ¶¶ 17, 32]. Although Plaintiff Mills cannot recall when the upgrade occurred, [Doc. 89 at 10, 11, 19, 20], Brandon Heersink Peguero, a CSR whose declaration Plaintiff submitted in support of her motion for conditional certification, acknowledged that the upgrade was rolled out in June and July 2016.[5] [Doc. 89-17*, ¶¶ 14-15*]; [Doc. 122-1, ¶ 23]; *see also* [Doc. 122 at 4].

---

[5] Specifically, it rolled out in Coralville on June 18 and 19, 2016, and in all other locations on July 16, 2016. [Doc. 122-1, ¶ 23]. GDIT anticipates Plaintiff will counter-argue that the Court must accept, as true, the Proposed Second Amended Complaint's allegation that the upgrade occurred "in or about July 2017." [Doc. 128-1, ¶ 32]. However, the Court need not accept that allegation where, as here, it is contradicted by Plaintiff's own evidence, in particular the declaration of Brandon Heersink Peguero, submitted in support of Plaintiff's own motion for conditional certification. [Doc. 89-17*, ¶¶ 14-15*]; *see also* [Doc. 122 at 4]. Even if this matter were before the Court on a motion to dismiss—which it is not—"the district court may consider an extrinsic document if (1) it is central to the plaintiff's claim, and (2) its authenticity is not challenged." *Edmonds v. Southwire Co.*, 58 F. Supp. 3d 1347, 1352 (N.D. Ga. 2014) (citing *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010)).

Against this backdrop, the clock on Freeman's two-year statute-of-limitations window started running on August 27, 2016, based on her opt-in date of August 27, 2018. [Doc. 127]. As for Shockey, the clock on her claim started running on July 2, 2016, based on her opt-in date of July 2, 2018, and she did not work for GDIT in 2016. [*Id.*]. Because the upgrade to the timekeeping system occurred in July 2016, again, rendering off-the-clock claims after that time period inconceivable, Shockey and Freeman have an inherent conflict of interest with the other putative class members.

The Court has a responsibility to prevent the creation of conflicts of interest at the conditional certification stage because the failure to do so will prejudice class members and frustrate the parties' ability to reach an equitable settlement that qualifies for judicial approval. *See, e.g.*, *Daniels v. Aéropostale W., Inc.*, No. C 12-05755 WHA, 2014 U.S. Dist. LEXIS 74081, at *15, *16 (N.D. Cal. May 29, 2014) (denying motion to approve settlement of three FLSA collective actions where one attorney represented all three classes against the same defendants, which improperly incentivized him to "settle all claims at once, if [they] settle[] at all, thereby creating opportunities for counsel to manipulate the allocation of settlement dollars to the detriment of absent class members").

In this case, Shockey and Freeman will necessarily refuse any settlement proposal that does not concede willfulness or otherwise compensate opt-ins beyond the applicable statute of limitations, even though such a settlement would benefit most other class members, whose claims are not time-barred under the two-year statute of limitations. Given this inherent conflict, the Court should deny any request to substitute Shockey and Freeman as named plaintiffs.

## CONCLUSION

**WHEREFORE**, for the reasons stated above, GDIT requests that this Court issue an order denying Plaintiff's Amended Motion for Leave to File Second Amended Collective Action Complaint.

Dated:  September 14, 2018

Respectfully submitted,

/s/*Gregory W. Kehoe*
Gregory W. Kehoe, Esq.
Florida Bar No. 0486140
Email: kehoeg@gtlaw.com
Catherine H. Molloy, Esq.
Florida Bar No. 0033500
Email: molloyk@gtlaw.com
Tristan J. Reiniers, Esq.
Florida Bar No. 0119358
Email: reinierst@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL  33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile

and

Christine E. Howard, Esq.
Florida Bar No. 872229
Email:  choward@laborlawyers.com
FISHER PHILLIPS LLP
101 E. Kennedy Blvd., Suite 2350
Tampa, FL 33602
(813) 769-7500 – Telephone
(813) 769-7501 – Facsimile

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Gregg I. Shavitz
gshavitz@shavitzlaw.com
Logan A. Pardell
lpardell@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432

Michael J. Palitz
mpalitz@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
830 3rd Avenue, 5th Floor
New York, New York 10022

Troy Kessler
tkessler@shulmankessler.com
Garrett Kaske
gkaske@shulmankessler.com
Tana Forrester
toforrester@shulmankessler.com
SHULMAN KESSLER LLP
534 Broadhollow Road, Suite 275
Melville, New York 11747

/s/*Gregory W. Kehoe*
Attorney

9