**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DEVINA MILLS, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.                                                                       Case No: 8:18-cv-855-T-36TGW

GENERAL DYNAMICS INFORMATION
TECHNOLOGY, INC.,

    Defendant.

_____

**ORDER**

This matter comes before the Court upon Plaintiff's Amended Motion for Leave to File Second Amended Collective Action Complaint (Doc. 128) and Defendant's Response in Opposition to Plaintiff's Amended Motion for Leave to File Second Amended Collective Action Complaint (Doc. 134). In the motion, Plaintiff requests leave to amend her Complaint to substitute the named plaintiff in this collective action on the basis that the originally named plaintiff has become unresponsive. Doc. 128. Defendant argues that the motion should be denied because courts cannot substitute class representatives prior to conditional certification and because the proposed plaintiffs are inadequate representatives because their claims fall outside of the statute of limitations. Doc. 134. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Motion to Amend.

**I.  BACKGROUND**

Plaintiff Devina Mills, individually and on behalf of all current and former customer service representatives employed at Defendant's call center locations in the United States, filed a Collective Action Complaint and Jury Demand alleging that Defendant General Dynamics

Information Technology, Inc. violated the Fair Labor Standards Act of 1983, 29 U.S.C. §§ 201-219 ("FLSA"), by requiring or permitting Plaintiff and the members of the class to work in excess of 40 hours per week without paying overtime wages for all overtime hours worked. Doc. 64 ¶¶ 1, 17, 19.  Plaintiff alleges that Defendant's company policy required customer service representatives to perform certain work tasks prior to being able to clock in each day, including booting up computers, logging on, and reviewing emails and the calendar, which typically took ten to twenty minutes. *Id.* ¶¶ 21, 23-25.  Defendant eventually recognized that it was undercompensating the customer service representatives and changed its procedures in July 2017. *Id.* ¶ 30.  However, the customer service representatives were not compensated retroactively for unpaid overtime wages. *Id.*  Defendant filed an Answer and Defenses, in which it denied the majority of the allegations in the Amended Complaint and raised various affirmative defenses. Doc. 73.

Prior to the deadline to amend pleadings and add parties prescribed by the Case Management and Scheduling Order ("CMSO"), Plaintiff filed the instant Amended Motion for Leave to File Second Amended Collective Action Complaint (the "Motion"), seeking to have Opt-In Plaintiffs, Christi Freeman ("Freeman") and Kimberley Shockey ("Shockey"), replace Devina Mills as the named plaintiff.  Docs. 109, 128.  The Motion indicates that the original named plaintiff, Devina Mills, has been unresponsive to numerous communication attempts, and is no longer the best person to represent the putative FLSA collective action. Doc. 128 ¶¶ 3-4. The Motion further indicates that the proposed named plaintiffs worked at the Defendant's call center in Riverview, Florida, between June 2015 and September 2017, and August 2015 and December 2015, respectively. *Id.* ¶¶ 6-7.

Defendant opposes the Motion to Amend, arguing that courts are prohibited from allowing substitute class representatives prior to conditional certification, and that Freeman and Shockey are both "inadequate class representatives because their claims are time-barred under the applicable default two-year statute of limitations." Doc. 134 at 2. The Response acknowledges that a finding of willful FLSA violations would extend the statute of limitations to three years, but argues that "Shockey and Freeman would refuse any settlement proposal that does not concede willfulness," and therefore have a "conflict of interest with the putative class members they seek to represent." *Id.* at 2-3.

## II.   LEGAL STANDARD

"[T]he grant or denial of an opportunity to amend is within the discretion of the district court." *Foman v. Davis,* 371 U.S. 178, 182 (1962). If a party seeks to amend after a responsive pleading has been filed, Federal Rule of Civil Procedure 15(a) requires that the party obtain consent or leave of the court, but directs that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Eleventh Circuit has a strong preference for allowing amendments, *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999), and a court should only deny motions to amend where it finds undue delay, bad faith, undue prejudice, or futility. *Foman*, 371 U.S. at 182.

## III.   DISCUSSION

### A.   Pre-Certification Amendment

Defendant argues that a court may not substitute class representatives prior to conditional certification, relying on the United States Court of Appeals' decision in *Bailey v. Cumberland Casualty & Surety Company*, 180 F. App'x 862, 865 (11th Cir. 2006). Doc. 134 at 3. In *Bailey*, the putative class action was dismissed after the district court found that the named plaintiff's cause

3

of action was barred by the statute of limitations. *Id.* at 864. Members of the putative class sought leave to select another representative, which was denied. *Id.* The Eleventh Circuit determined that the district court did not abuse its discretion in denying leave to select another representative because the putative class "was never certified and never achieved" the separate legal status that a class acquires once it is certified. *Id.* at 865. The Court recognized that it had previously found an abuse of discretion where the district court decertified a class based on the inadequacy of the class representative without providing leave to find a suitable substitution, but that decision was based on the legal status the class obtained, separate from the named plaintiff, once certified. *Id.* The Court also recognized that in the case before it, the members of the putative class would not be prejudiced by denial of leave to substitute the class representative because the individual claims were tolled while the putative class action was pending. *Id.*

Like the class in *Bailey*, this class is not yet certified, and thus has not obtained a separate legal status. Nothing in *Bailey* prohibits a district court from granting such leave or indicates that doing so would be an abuse of discretion. Moreover, *Bailey* is distinguishable from this case, because that case involved a situation where the named plaintiff's complaint was dismissed with prejudice based on the running of the statute of limitations. Accordingly, Defendant's reliance on this case is misplaced.

Likewise, the decision in *Hunt v. Thermal Insulation, Inc.*, No. 1:09-cv-1445WSD, 2010 WL 11507019 (N.D. Ga. Apr. 30, 2010), also relied on by Defendant, is not supportive. There, the case had not yet been certified as a collective action when the district court found that the plaintiff had no injury in fact and, therefore, no standing to pursue the claim. *Id.* at *3. The plaintiff sought leave to amend to substitute others as the named plaintiffs. *Id.* at *4. However,

because the plaintiff's claim had been dismissed, the court concluded no basis existed to permit substitution. *Id.* Unlike the plaintiff in *Hunt*, however, Mills' claim has not been dismissed.

The United States District Court for the Western District of Washington recently addressed a very similar issue in *Castillo v. United Rentals (North America), Inc.*, 2018 Wage & Hour Cas. 2d (BNA 252, 108, 2018 WL 3429936, at *2 (W.D. Wash. July 16, 2018). There, the district court explained that "when the named plaintiff's claim is defective—say, for instance, the named plaintiff lacks standing—substitution of that named plaintiff is permissible only when the class or collective action has actually been certified." *Id.* The court continued, however, explaining that "when the named plaintiff's claims remain live, and the named plaintiff merely seeks to withdraw as representative, courts have allowed pre-certification substitution." *Id.* at *3 (citing *Aguilar v. Boulder Brands, Inc.*, No. 3:12-cv-01862-BTM-BGS, 2014 WL 4352169, at *8 (S.D. Cal. Sept. 2, 2014)).

By contrast, in *In re Atlas Roofing Corporation Chalet Shingle Products Liability Litigation*, No. 1:13-CV-4217-TWT, 2017 WL 2501751, at *1 (N.D. Ga. June 9, 2017), also relied on by Defendant, the United States District Court for the Northern District of Georgia stated that "[c]ourts generally deny motions to add or substitute class representatives prior to class certification." Because the class members' claims were tolled while the class action was filed, the court also recognized that the class members were not prejudiced by denying leave to amend. *Id.* Accordingly, the court concluded that justice did not require granting leave to amend.

Despite the rulings in *Bailey*, *Hunt*, and *In re Atlas*, the cases demonstrate that amendment to substitute the class representative is permitted and within the discretion of the trial court. Accordingly, Defendant is incorrect in contending that courts cannot substitute class

5

representatives prior to conditional certification, and whether to do so based on the facts of the case is in the discretion of the trial court.

### B. Statute of Limitations

A class action representative is required to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy of representation requirement encompasses two separate inquires: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Busby v. JRHBW, Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir.2008).

Defendant argues that the proposed named plaintiffs are inadequate class representatives because they have an "inherent conflict of interest with the putative class members they seek to represent." Doc. 134 at 2-3. Defendant states that the conflict arises because the proposed representatives' claims will be barred by the two year statute of limitations unless the FLSA violations are found to be willful, while other class members would not be similarly barred. *Id.* at 6-7. Accordingly, Defendant contends that the proposed representatives would be unwilling to accept settlement offers that do not admit willful violations. *Id.* at 7.

Defendant's concern is mere speculation, which is not sufficient to prohibit an individual from serving as a named plaintiff. *See, e.g., White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, n. 9 (M.D. Ala. 2002) (finding that a class could be comprised of similarly situated individuals affected in a three year period, despite defendant's argument that the period should be limited to two years since willful violation had not yet been found). Plaintiffs allege that Defendant's FLSA violations were willful, which would extend the statute of limitations to three years and place the proposed representatives' claims within the permitted time frame for filing an action. Unless or until this matter is decided differently, the proposed named plaintiffs do not have a conflict of interest.

### C. Propriety of Amendment

Leave to amend should be freely given. *Foman*, 371 U.S. at 182; Fed. R. Civ. P. 15(a). Nothing demonstrates that the Motion to Amend was filed in bad faith or would prejudice Defendant, nor has Plaintiff engaged in undue delay or demonstrated a dilatory motive. Nor is the amendment futile. Accordingly, amendment is proper in this case.

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's Amended Motion for Leave to File Second Amended Collective Action Complaint (Doc. 128) is **GRANTED.**

2. Plaintiff is granted leave to file a Second Amended Collective Action Complaint on or before December 10, 2018.

**DONE AND ORDERED** in Tampa, Florida on December 3, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any