IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CHRISTI FREEMAN and KIMBERLEY SHOCKEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC,<br><br>Defendant. | No. 8:18-cv-00855-CEH-TGW<br><br>**SECOND AMENDED COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

Plaintiffs Christi Freeman ("Freeman") and Kimberley Shockey ("Shockey") individually and on behalf of all others similarly situated, file this Second Amended Collective Action Complaint and Jury Demand against Defendant General Dynamics Information Technology, Inc. ("GDIT") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") on behalf of Plaintiffs and all current and former Customer Service Representatives, however variously titled, ("CSRs") who worked at all of Defendant's call center locations in the United States. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves and other current and former CSRs who will opt into this action pursuant to the FLSA that they are entitled to: (i) unpaid wages from

1

Defendant for overtime work for which they did not receive overtime premium pay, as required by law, (ii) liquidated damages under the FLSA, and (iii) reasonable attorneys' fees and costs of this action.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.     Defendant is subject to personal jurisdiction in the Middle District of Florida.

4.     Defendant maintains a place of business in this District.

5.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Plaintiffs were employed by Defendant in this District and a substantial part of the events or omissions giving rise to the claim occurred within this District.

## THE PARTIES

*Plaintiff Christi Freeman*

6.     Plaintiff Freeman is an adult individual residing in Tampa, Florida.

7.     Freeman worked for Defendant as a CSR at Defendant's call center located Riverview, Florida.  Freeman worked for Defendant in this role from approximately June 2015 until September 2017.

8.     Freeman's written consent to join this action was previously filed on August 27, 2018.  D.E. 115-1.

*Plaintiff Kimberly Shockey*

9.     Plaintiff Shockey is an adult individual residing in Temple Terrace, Florida.

10.    Shockey worked for Defendant as a CSR at Defendant's call center located Riverview, Florida.  Freeman worked for Defendant in this role from approximately August 2015 until December 2015, and from approximately August 2017 until January 2018.

11. Shockey's written consent to join this action was previously filed on July 2, 2018. D.E. 80-1.

*Defendant*

12. GDIT is large government contractor which, among many other services, operates call centers staffed by CSRs. At all times relevant, GDIT operated over 11 call centers in various states, including Florida, Arizona, Iowa, Kansas, Kentucky, Louisiana, Mississippi, Texas, Utah, and Virginia.

13. Defendant employed Plaintiffs and other similarly situated current and former CSRs at its call centers nationwide.

14. Defendant has had and has a gross volume of sales made or business done of not less than $500,000.00.

15. Defendant issued paychecks to the Plaintiffs and all similarly situated employees during their employment.

16. Defendant directed the work of Plaintiffs and similarly situated employees and benefited from work performed that it suffered or permitted from them.

## RELEVANT TIME PERIOD

17. Upon information and belief, Defendant maintained its policy, pattern, or practice of violating the FLSA for failing to pay Plaintiffs and the members of the Putative FLSA Collective for all hours worked until approximately July 31, 2017. Therefore, the relevant time period for the instant action is from April 6, 2015 until July 31, 2017.

## COLLECTIVE ACTION ALLEGATIONS

18. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at its call centers as CSRs and other similarly situated current and former employees holding

comparable positions but different titles, at any time from April 6, 2015 to July 31, 2017 (the "Putative FLSA Collective").

19. Plaintiffs and the Putative FLSA Collective worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA.

20. Pursuant to Defendant's policy and pattern or practice, Defendant did not pay Plaintiffs and the Putative FLSA Collective proper overtime wages for hours they worked for its benefit in excess of 40 hours in a workweek in violation of the FLSA.

21. Throughout the relevant period, it has been Defendant's policy, pattern, or practice to require, suffer, or permit the Plaintiffs and the members of the Putative FLSA Collective to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

22. Defendant has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiffs and the members of the Putative FLSA Collective, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendant's corporate headquarters.

23. Pursuant to their uniform, companywide policy and practice, Defendant failed to accurately track or record all of the actual hours worked by its CSRs. Defendant furthered this wrongful policy by: (i) failing to provide CSRs with a way to accurately record the hours they actually worked; and (ii) requiring CSRs to work before they "clock in" to Defendant's timekeeping system.

24. At all relevant times, Plaintiffs and the other CSRs would clock in for the start of their scheduled shift by logging into the company's phone system.

25. Prior to logging into the company's phone system, Defendant required Plaintiffs and the other CSRs to be call-ready. To do so, Plaintiffs and the other CSRs had to first boot-up

4

their computer systems, log-in to their computer systems and load the essential desktop programs.

26. Additionally, Defendant required Plaintiffs and the other CSRs to read emails and review the calendar prior to clocking in. Thus, Plaintiffs and the other CSRs would do so during the boot-up and log-in process.

27. This boot-up and log-in process generally took Plaintiffs and the other CSRs approximately 10-20 minutes per shift for which they were not compensated.

28. Because Plaintiffs and the other CSRs regularly worked over 40 hours in a workweek, Defendant's policies and practices described herein resulted in Plaintiffs and the other CSRs working overtime hours for which they were not compensated.

29. Defendant's systematic failure and refusal to compensate Plaintiffs and all other similarly situated CSRs for unpaid overtime hours worked violates the FLSA.

30. Defendant was aware, or should have been aware, that the FLSA requires it to pay the Plaintiffs and the members of the Putative FLSA Collective an overtime premium for all hours worked in excess of 40 hours per workweek.

31. This violation of the FLSA was willful and intentional as Defendant was aware or should have been aware that it directed Plaintiffs and the members of the Putative FLSA Collective to perform uncompensated work such as reading emails and reviewing the calendar while they booted up and logged into their computer systems prior to clocking in for their scheduled shifts.

32. Defendant recognized that it was undercompensating Plaintiffs and the members of the Putative FLSA Collective and therefore changed its timekeeping and pay practices in or about July 2017. However, Defendant did not reimburse Plaintiffs and the members of the Putative FLSA Collective for their unpaid wages in willful violation of the FLSA.

33. Defendant failed to keep accurate records of all hours worked by Plaintiffs and the members of the Putative FLSA Collective.

34. Defendant assigned the work that the Plaintiffs and the members of the Putative FLSA Collective have performed or Defendant were aware of the work they performed.

35. The work performed by the Plaintiffs and the members of the Putative FLSA Collective constitutes compensable work time under the FLSA and was not *de minimis*.

36. There are numerous similarly situated current and former CSRs who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative FLSA Collective pursuant to 29 U.S.C. § 216(b).

37. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act: Unpaid Overtime Wages**
**Brought on Behalf of Plaintiffs and the Putative FLSA Collective Against Defendant**

38. Plaintiffs and the Putative FLSA Collective reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

39. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Second Amended Collective Action Complaint and Jury Demand.

40. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

41. At all relevant times, Plaintiffs and the Putative FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

42. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq*. apply to Defendant.

43. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

44. At all times relevant, Plaintiffs and the members of the Putative FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

45. Defendant has failed to pay Plaintiffs and the Putative FLSA Collective the overtime wages to which they were entitled under the FLSA.

46. Defendant's violations of the FLSA, as described in the Second Amended Collective Action Complaint and Jury Demand, have been intentional and willful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and of the Putative FLSA Collective.

47. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

48. As a result of the Defendant's violations of the FLSA, Plaintiffs and the Putative FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

49. As a result of the unlawful acts of Defendant, Plaintiffs and the Putative FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated members of the Putative FLSA Collective, prays for the following relief:

    A.    Certification of the collective consisting of Plaintiffs and all similarly situated CSRs;

    B.    Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

    C.    Pre-judgment and post-judgment interest;

    D.    Attorneys' fees and costs of the action, including expert fees and costs; and

    E.    Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Second Amended Collective Action Complaint and Jury Demand.

Dated: December 3, 2018
       Boca Raton, Florida

/s/ Gregg I. Shavitz
Gregg I. Shavitz
gshavitz@shavitzlaw.com
Logan A. Pardell
lpardell@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Tel:   (561) 447-8888
Fax:  (561) 447-8831

Michael J. Palitz*
mpalitz@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
830 3rd Avenue, 5th Floor
New York, New York 10022

        Tel:   (800) 616-4000
        Fax:  (561) 447-8831

Troy Kessler*
tkessler@shulmankessler.com
Garrett Kaske*
gkaske@shulmankessler.com
Tana Forrester*
Tforresrer@shulmankessler.com
SHULMAN KESSLER LLP
534 Broadhollow Road, Suite 275
Melville, New York 11747
Tel:   (631) 499-9100
Fax:  (631) 499-9120

*Attorneys for Plaintiffs and the Putative FLSA Collective Members*

*admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on December 3, 2018. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

        /s/ Gregg I. Shavitz
        Gregg I. Shavitz, Esq.

**<u>SERVICE LIST</u>**
*Mills v. General Dynamics Information Technology, et al*
**CASE NO.: 8:18-cv-00855-CEH-TGW**
**United States District Court for the Middle District of Florida**

Gregory W. Kehoe (Florida Bar No. 0486140)
kehoeg@gtlaw.com
Katie Molloy
molloyk@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard, Suite 1900
Tampa, FL 33602
Tel:  (813) 318-5700
Fax: (813) 318-5900

Christine E. Howard (Florida Bar No. 0872229)
choward@fisherphillips.com
FISHER & PHILLIPS LLP
101 E. Kennedy Blvd., Suite 2350
Tampa, FL 33602
Tel: (813) 769-7500
Fax: (813) 769-7501

*Attorneys for Defendants*
**Served via CM/ECF**