DocuSign Envelope ID: 6A8EB5DD-973D-44D3-BD43-72038A76D7B0

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

1. This Settlement Agreement and Release of Claims (the "Agreement") is entered into by and among Defendant General Dynamics Information Technology, Inc. ("GDIT") and Plaintiffs Christi Freeman and Kimberley Shockey ("Named Plaintiffs") on behalf of themselves and on behalf of all former employees who have filed a Consent to Join in the litigation styled *Christi Freeman and Kimberley Shockey v. General Dynamics Information Technology, Inc.*, Case No. 8:18-cv-855-T-36TGW, pending in the Middle District of Florida (the "Lawsuit"), and who have been identified and verified as former employees of GDIT, specifically, each individual listed on Exhibit A (together with the Named Plaintiffs, the "Plaintiffs").

2. This is a Fair Labor Standards Act ("FLSA") settlement involving the alleged unpaid overtime wage claims of Plaintiffs, as alleged in the Second Amended Complaint filed in the Lawsuit on December 3, 2018 (the "Complaint").

3. This is a settlement of a disputed unpaid overtime pay claim. Plaintiffs claimed that they were not paid for all time spent handling pre-shift duties. GDIT disputed these claims and contended that Plaintiffs were paid for all time worked and were trained as to how to record all time worked accurately. The parties agreed to resolve these claims through this settlement to avoid the litigation risks and uncertainties associated with continued litigation.

4. Plaintiffs and Defendant agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by Defendant. Defendant specifically disclaims and denies any wrongdoing or liability to Plaintiffs.

5. Plaintiffs and Plaintiffs' counsel believe that this is a fair settlement of heavily disputed claims and that the settlement is in the interests of Plaintiffs. Absent settlement, Plaintiffs and their counsel recognize the risk of continued litigation and the risk that GDIT may prevail on its defense that its timekeeping and overtime pay practices complied with the law and that its training of Plaintiffs may convince a jury that GDIT is not liable for the alleged unpaid time.

6. To resolve these contested claims, GDIT has agreed to pay $170,000.00 (the "Gross Fund") which will cover the FLSA claims of Plaintiffs, additional "Base Payments" to the Plaintiffs, service awards to the Named Plaintiffs and all attorneys' fees and costs of Plaintiffs' counsel. $66,850.00 shall resolve the Plaintiffs' wage claims ("Wage Claim Amount"). $9,150 shall be payable as additional "Base Payments" to the Plaintiffs. $4,000.00 shall be payable as service awards to the Named Plaintiffs, as described in paragraph 10. $90,000.00 shall resolve Plaintiffs' counsel's attorneys' fees and costs' claims.

7. Each Plaintiff's individual settlement amount shall be determined as follows:

DocuSign Envelope ID: 6A8EB5DD-973D-44D3-BD43-72038A76D7B0

    a. Each Plaintiff shall receive a "Base Payment" of $50.00.

    b. Each Plaintiff who is entitled to point(s) as described below shall also be paid a portion of the Wage Claim Amount. These shares will be determined by workweeks in which said Plaintiff has a potential overtime claim during the period alleged in the Complaint (which GDIT expressly denies is the relevant period). Each Plaintiff will receive one point for each workweek during the period alleged in the Complaint in which he or she worked 38.33 or more hours, as reflected on GDIT's internal records. The Wage Claim Amount will be divided by the aggregate number of points accrued by all Plaintiffs (the "Fund Point Value"). Each Plaintiff's total points will be multiplied by the Fund Point Value to determine his or her individual share.

    c. Plaintiffs' individual settlement amounts are equal to their respective Base Payment (paragraph 5(a)) plus their proportional share of the Wage Claim Amount (paragraph 5(b)).

    d. GDIT will provide Plaintiffs' counsel with the information necessary to calculate the number of workweeks in which each Plaintiff worked 38.33 or more hours during the period alleged in the Complaint. Plaintiffs and Plaintiffs' counsel shall perform all other calculations set forth in this Paragraph 5 and shall be solely responsible as to the accuracy of the payments.

    e. No later than 15 days after the Court approves this Settlement, Plaintiffs' counsel shall provide GDIT the settlement amounts due to each Plaintiff as set forth in this Paragraph 7.

8. No later than 30 days after Plaintiffs' counsel provides the information identified in paragraph 7(e), GDIT shall deliver all settlement checks for the settlement amounts set forth in paragraph 7 to Plaintiffs' counsel. GDIT shall allocate 100% of the Plaintiffs' settlement payments to wages (W-2).

9. Within 15 days after Plaintiffs' counsel receives the settlement checks, Plaintiffs' counsel shall provide Plaintiffs the settlement checks.

10. The parties agree that a service award of up to $2,000.00 each will be paid to Named Plaintiffs Christi Freeman and Kimberly Shockey from the Gross Fund. Named Plaintiffs Christi Freeman and Kimberly Shockey will provide a general release as consideration for this payment as set forth in paragraph 13 below. GDIT will issue Named Plaintiffs a form 1099 for the service award payments. GDIT shall deliver the service award payments to Plaintiffs' counsel no later than 30 days after the latter of settlement approval or the date on which each of the Named Plaintiffs provides GDIT with an executed IRS form W9. The Agreement is not conditioned upon the approval of these service awards and, if the Court does not approve these service awards, the amount of the service awards will remain part of the Gross Fund.

DocuSign Envelope ID: 6A8EB5DD-973D-44D3-BD43-72038A76D7B0

11. Upon execution of this Agreement by the Named Plaintiffs, Plaintiffs voluntarily and with the advice of counsel, fully and forever release, acquit, and discharge all claims, obligations, demands, actions, rights, liabilities and causes of action of every nature and descriptions whatsoever, known or unknown, asserted or that could have been asserted by the Plaintiffs and Plaintiffs' heirs, representatives, successors, assigns, and attorneys against GDIT in the Lawsuit, whether in common law, tort, contract, or for violation of the Fair Labor Standards Act, or any other local, state or federal statute, ordinance, rule or regulation, arising out of, relating to, or in connection with the nonpayment or inaccurate payment by GDIT of wages, including without limitation all claims for overtime compensation, restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, interest, derivative benefit claims, penalties of any nature whatsoever, and attorneys' fees, costs, and expenses.

12. Upon execution of this Agreement by the Named Plaintiffs, and because GDIT has provided additional consideration for the general release described in this paragraph 12 through the Service Awards described in paragraph 10, Named Plaintiffs additionally release, on behalf of themselves and their heirs, representatives, successors, assigns, and attorneys, GDIT from any and all claims, obligations, demands, actions, rights, liabilities, debts, judgments, damages, expenses, administrative actions, and causes of action or suits of any kind and of every nature and descriptions whatsoever, known or unknown, including without limitation all claims for incidental or consequential damages, expenses, costs, attorneys' fees, tort or contractual damages of any kind, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory or punitive, through and including the date of execution of this Agreement. This general release expressly excludes claims that cannot be released by law and claims to vested benefits, workers' compensation, or unemployment benefits. If the Court does not approve the service award payments to the Named Plaintiffs, then this general release will be null and void due to lack of consideration.

13. Payment to Plaintiffs' counsel of court-approved attorneys' fees and costs shall be made no later than 30 days after settlement approval or the date on which Plaintiffs' counsel provides GDIT with an executed IRS form W9, whichever is later. Any amounts associated with unapproved attorneys' fees and costs shall be returned to GDIT, unless ordered otherwise by the Court.

14. Plaintiffs will have 180 days from the date of mailing of settlement checks to cash their settlement checks.

15. This settlement is contingent upon court approval in the Middle District of Florida. A proposed Joint Motion for Approval approving the settlement is attached as Exhibit B. The Court approval of the Agreement is a material term of the settlement of the Lawsuit.

16. The Named Plaintiffs hereby certify that (a) they have read this Agreement and signed it voluntarily and knowingly in exchange for the consideration described herein, which the Named Plaintiffs acknowledge is adequate and satisfactory; (b) they have been advised

DocuSign Envelope ID: 6A8EB5DD-973D-44D3-BD43-72038A76D7B0

by Plaintiffs' counsel and have consulted with Plaintiffs' counsel before signing this Agreement; (c) they have been given adequate time to review and consider this Agreement and decide whether to sign it; and (d) GDIT has not made any representations to the Named Plaintiffs concerning the terms or effects of this Agreement other than those contained herein.

Dated: 8/6/2019

**Plaintiff Christi Freeman**

*[DocuSigned signature]*

**Plaintiff Kimberly Shockey**

*[DocuSigned signature]*

**Plaintiffs' Counsel**

*[signature]*

**General Dynamics Information Technology, Inc.**

_____

**Counsel for General Dynamics Information Technology, Inc.**

_____

by Plaintiffs' counsel and have consulted with Plaintiffs' counsel before signing this Agreement; (c) they have been given adequate time to review and consider this Agreement and decide whether to sign it; and (d) GDIT has not made any representations to the Named Plaintiffs concerning the terms or effects of this Agreement other than those contained herein.

Dated: _____

**Plaintiff Christi Freeman**

**General Dynamics Information Technology, Inc.**

_____
*Julie P. Jalasen* (signature)

**Plaintiff Kimberly Shockey**

**Counsel for General Dynamics Information Technology, Inc.**

_____
*Catherine H. Molloy* (signature)

**Plaintiffs' Counsel**

_____

**Exhibit A**

1. Simone D. Alexander
2. Tamara M. Alfred
3. Candice M. Anderson
4. Shondricka A. Asberry
5. Jassmyn Averett
6. James M. Baker
7. Shamara A. Balentine
8. Angela M. Bankhead
9. Kimberly F. Baylis
10. Lacricia S. Bethea
11. Brittany Bickham
12. Michael K. Bigelow II
13. Tosca W. Black
14. Markeith S. Blackshear
15. Erica N. Boswell
16. Vivian D. Brevard
17. Roylana Brewton
18. Justin L. Brown
19. Lafiera M. Burr
20. Felicia Cargill
21. Linda R. Carter
22. Hector Castro
23. Jocelyn A. Cayard
24. Tierynee N. Chadwick
25. Rebecca Chatman
26. Anitra Clark
27. Ellen L. Coleman
28. Trineicia S. Coleman
29. Consuelo M. Concepcion
30. Kristen N. Conner
31. Kelvin D. Conway
32. Kierstin L. Cowart
33. April N. Craven-Thompson
34. Meshia V. Daniels
35. Carol W. Deams
36. Jequetta P. Dean
37. Cheryl Demar
38. Kiwanis N. Denham
39. Raven R. Denham
40. Carolyn F. Dever
41. Briana J. Dodd
42. Casey L. Donald

43. Matthew M. Dugger
44. Joseph A. Elmore
45. Yasmine Y. Evans
46. Nicholas J. Fairley
47. Leshantaisha A. Finley
48. Lula M. Finley
49. James R. Finnemore
50. Anna Flemmings
51. Kathleen L. Flick
52. Quanesha S. Ford
53. Landon Franklin
54. Don J. Freeman
55. Teresa Fulton
56. Cherria Gamble
57. Marian O. Garner
58. Cicely R. Gillispie
59. Yvonne A. Gonzalez
60. Tracy L. Goode
61. Jessica S. Goode
62. Tiffany S. Gordon
63. Sandra R. Green
64. Kelliana R. Griffin
65. Fannie Gutierrez
66. Ykela S. Hackworth
67. Amanda M. Hagler
68. Jazmine J. Hahn
69. Dontavia R. Haliburton
70. Deshanique Hall-Alexander
71. Brianna K. Hardin
72. Glenda L. Harley
73. Nayirah F. Hartfield
74. Kristina M. Hatfield
75. Gracie L. Hathorn
76. Brandon W. Heersink Peguero
77. Amber N. Hernandez
78. Jasmine M. Holder
79. Alexis M. Holmes
80. Kisha D. Howard
81. Udana M. Howard
82. Myhisha V. Howard
83. Pamela R. Ingram
84. Tonya M. Jackson
85. Hayley R. Jefcoat

86. Cynthia D. Johnson
87. Yvonne D. Johnson
88. Diane Kalina
89. Linton S. Koch
90. Fallon M. Law
91. Jerri E. Ledford
92. Precious L. Longmire
93. Stephany K. Loredo
94. Faith S. Magee
95. Shaniquia S. Majors
96. Keyashia L. Maladdie
97. Latocha R. Marshall
98. Chentera R. Mayes
99. Raven N. Mcdonald
100. Kazavier R. Mcgilberry
101. Meghan D. Mcguire
102. Tichina J. Mckinney
103. Briana J. Mclemore
104. Michelle M. Mcleod
105. Portia L. Mcnary
106. Tiffany M. Medlock
107. Devena Mills
108. Karizma D. Minnite
109. Cacia S. Moffett
110. Shashuna Moffett
111. Patricia E. Morgan-Bailey
112. William E. Morris, Jr.
113. Catricia R. Myers
114. Natasha R. Neal
115. Linda L. Nelson
116. Venus R. Nelson
117. Mariah D. Nichols
118. Shawnequa M. Norwood
119. Michelle M. O'berry
120. Dayschannel A. Odomes
121. Lanette S. Olivo Rivera
122. Lakira T. Osgood
123. Summer N. Owens
124. Tracy E. Pannell
125. Shonda T. Parker
126. Stella R. Payton
127. Barbara I. Pitt
128. Clifton J. Pollock

129. Jerry D. Portis
130. Adrian K. Powe
131. Marviona D. Powell
132. Antrona Price
133. Andra M. Quiram
134. Tierrany A. Ray
135. Suzanne S. Ritchie
136. Joewanda M. Roberts
137. Fontella A. Robinson
138. Tevin A. Robinson
139. Shakyla L. Robinson
140. Shandricka M. Rogers
141. Maria T. Roque
142. Alisha K. Ross
143. Maria M. Salinas
144. Lakisha T. Saloane
145. Rochanee Sanders
146. Janet D. Sawyers
147. Mary L. Scott
148. Travis S. Scott
149. Almeta H. Seals
150. Carolyn A. Shafer
151. Tarance L. Sharp
152. Natasha L. Simmons
153. Nicole Sims
154. Steven L. Skinner
155. Jermaine T. Smith
156. Cynthia Speed
157. Amanda R. Stewart
158. Jermaine D. Stubblefield
159. Akeem J. Taylor
160. Angel H. Thomas
161. Andrea S. Thomas
162. Trina C. Thompson
163. Melinda D. Thornton
164. Noelle C. Townsend
165. Lacreita V. Trotter
166. Sedarick D. Turner
167. Alice R. Velazquez
168. Henren L. Walker
169. Siketha S. Walker-Martinez
170. T'marian J. Walker-Webb
171. Raven R. Washington

172. Angela S. Watts
173. Likita M. Wesley
174. Angelica D. Whipper
175. Meghan B. Williams
176. Tracy D. Williams
177. Delores T. Winfield
178. Roy L. Wingfield, Jr.
179. Keva L. Woods
180. Meossiha L. Young