UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTI FREEMAN and
KIMBERLY SHOCKEY,
individually and on behalf of
all others similarly situated,

v.  Case No. 8:18-cv-855-T-36TGW

GENERAL DYNAMICS
INFORMATION TECHNOLOGY,
INC.

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the Joint Motion for Approval of FLSA Settlement Agreement (Doc. 185) on the plaintiffs' Fair Labor Standards Act ("FLSA") claims that they were not paid overtime wages for time they spent completing pre-shift duties. The motion was referred to me for a Report and Recommendation.

The plaintiffs requested certification of the collective action consisting of the plaintiffs and all similarly situated customer service representatives seeking unpaid wages, liquidated damages, pre-judgment and post-judgment interest, and attorney's fees and costs (Doc. 1, p. 7;

Doc. 64, p. 8; Doc. 152, p. 8). The parties entered into a settlement agreement in which the defendant agreed to pay a total of $170,000 to resolve this matter (Doc. 185-1, p. 1). Specifically, $66,850 shall resolve plaintiffs' wage claims, $9,150 shall be payable to plaintiffs as additional "base payments," and $4,000 shall be payable to the named plaintiffs as service awards (id.). Each plaintiff will receive $50, and any amount a plaintiff may be entitled to beyond the $50 base payment will be determined based on "points" as described in the settlement agreement (id., pp. 1-2). The remainder is an attorney's fee of $90,000 (id., p. 1). Notably, the plaintiffs' counsel agreed to a significant discount on the fees and costs they incurred in the interest of reaching a settlement agreement (id., p. 7).

The parties maintain that the settlement reflects a fair and reasonable compromise of the plaintiffs' claims under the circumstances of this case. Because I find the parties' settlement agreement constitutes a fair and reasonable compromise of this dispute, I recommend that the motion be granted, and the case be dismissed with prejudice.

Compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of

back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Therefore, in any FLSA case, the Court must review the parties' settlement to determine whether it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1355. The Court is also required to ensure that counsel's fee is reasonable not only so that counsel is compensated adequately, but so that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. See Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009).

When evaluating whether a compromise is fair and reasonable, courts examine the following factors: (1) whether there was fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings; (4) the probability of plaintiff's success; (5) the range of possible recovery; and (6) counsel's opinion. See Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

Keeping these factors in mind, I note that both sides litigated hard. The defendants had asserted a de minimus defense, which had been accepted by a district court in Colorado in a similar case. The parties settled after negotiations which considered, among other things, the cost and time of continued litigation, and the uncertainty and risks associated with continued litigation (Doc. 185, pp. 7-8). This settlement agreement avoids what would be a lengthy and costly discovery process involving a substantial amount of depositions, discovery responses, and ESI production (id., p. 8). These factors show that settlement was a well-informed decision.

As part of the settlement, the plaintiffs are releasing all claims relating to wages (Doc. 185-1, p. 3, ¶ 11). In addition, the named plaintiffs are releasing all other claims except for "claims that cannot be released by law and claims to vested benefits, workers' compensation, or unemployment benefits" (id., p. 3, ¶ 12). At a hearing on the parties' joint motion for settlement, plaintiffs' counsel said that this specific issue was discussed with the named plaintiffs, and that there are no apparent claims the named plaintiffs are giving up. In any event, the named plaintiffs have

been provided an additional $2,000 each for their service as the named plaintiffs and for their release (id., p. 1, ¶ 6).

Both parties have been represented by competent FLSA collective action counsel throughout the proceedings (Doc. 185, p. 7). After a day-long mediation at the outset of litigation, which did not result in settlement, and nine subsequent months of negotiations, the parties reached a settlement of the claims (id., pp. 3, 5). This indicates that counsel vigorously advocated for their respective clients and did not rush into settlement. Counsel for both parties agreed that the settlement represents a fair resolution of the claims, as well as reasonable attorney's fees and costs (id., p. 5). Accordingly, on the facts of this case, I find the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." DeGraff v. SMA Behavioral Health Servs, Inc., 945 F.Supp.2d 1324, 1328 (M.D. Fla. 2013), quoting Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1354.

Typically, attorney's fees are negotiated separately from the plaintiffs' recovery. While that was not done here, the lawyers negotiated

5

an attorney's fees component that was far less than what they could have received using the loadstar approach. The plaintiffs did not provide time sheets detailing counsel's time, or the hourly rate, although counsel stated that the total attorney's fees in this matter were $288,000 and costs were $13,355.97 (Doc. 185, p. 11). Plaintiffs' counsel forfeited a portion of its fees and costs as part of the settlement process, settling on a total of $90,000 in attorney's fees and costs (id.; Doc. 185-1, p. 1). The lack of additional information, however, does not undermine the Court's ability to evaluate the reasonableness of the parties' settlement as I do not find the amount of the attorney's fee to be unreasonable on its face. See DeGraff v. SMA Behavioral Health Servs, Inc., supra, 945 F. Supp.2d at 1329. Generally, courts in this district have agreed that:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is

> reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Bonetti v. Embarq Mgmt. Co., 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009); see also Mason v. Wyndham Vacation Ownership, Inc., 2012 WL 570060, at *3 (M.D. Fla. 2012); Church v. Conrad Yelvington Distrib., Inc., 2011 WL 6002519, at *2 (M.D. Fla. 2011). Those factors are satisfied here (see Doc. 185, 185-1). Therefore, "there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." Bonetti v. Embarq Mgmt. Co., supra, 715 F. Supp.2d at 1228.

In sum, I find the terms of the settlement agreement are fair, just, and in accordance with the FLSA. See Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1352-53. Consequently, I recommend that the Joint Motion for Approval of Settlement Agreement (Doc. 185) be **GRANTED**, and this case be dismissed with prejudice.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: SEPTEMBER 19, 2019

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.